UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

G.S.T. (XXX-XX-4296)  CIVIL ACTION NO. 08-cv-0823

VERSUS

U.S. COMMISSIONER SOCIAL  MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

G.S.T. ("Plaintiff") was born in 1963, has at least a high school education, and past work experience as a cashier and manager of a convenience store. She has a history of coronary artery disease, hypertension, and depression. ALJ Leslie John Rodriguez held a hearing and determined that those impairments were severe within the meaning of the regulations. He also found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except for the following: She cannot climb ladders, ropes, or scaffolding; she cannot be exposed to hazardous machinery or unprotected heights; and she is moderately limited in the ability to maintain attention and concentration for extended periods.

That RFC did not allow Plaintiff to perform her past work, but a vocational expert ("VE") testified that a person with Plaintiff's RFC and other vocational factors could perform the demands of jobs such as general office clerk or information clerk. The ALJ accepted that

testimony and found at step five of the sequential analysis that Plaintiff is not disabled within the meaning of the regulations.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be reversed.

**Issues on Appeal**

Plaintiff lists two assignments of error. She argues that: (1) the ALJ's RFC assessment with respect to mental limitations is not based on substantial evidence and that her limitations are greater; and (2) there is not substantial evidence to support the ALJ's finding that Plaintiff's fatigue and need to lie down can be accommodated by ordinary breaks.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there

are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Fatigue; Need to Lie Down**

Plaintiff's medical history shows a number of episodes of chest pain, shortness of breath, palpations, and other symptoms associated with exertion. The episodes have required visits to the emergency room. Plaintiff has also been hospitalized and undergone a stress test, heart catheterization, angioplasty, and other procedures in an effort to properly diagnose and treat her problems. One hospitalization was in February 2007. What appears to be a preprinted discharge instruction for congestive heart failure patients instructed Plaintiff to get six to eight hours of sleep each night, space activities so she (and her heart) can rest between them, and to stop and rest during any activity if she feels tired or short of breath. The instruction sheet also gave Plaintiff general advice such as to take her medications as prescribed, keep a record of her weight, and keep regular appointments with her doctor. Tr. 336.

Plaintiff testified at the hearing that her physicians at LSU "tell me to limit my activities and make sure that I rest in between because of the congestive heart failure." Plaintiff described her daily activities as "just picking up around the house and stuff, that I always take my time and do it." Plaintiff said her daughter helps her with other chores. Plaintiff said her medication makes her "very tired," and she does not drive on trips longer than five or ten minutes from home. Plaintiff said she was taking 13 kinds of medicines, and

her doctors had told her that open heart surgery would be the next step if her angina and congestive heart failure did not improve. Tr. 399-401.

Plaintiff testified that simply taking a bath would cause her to get "really, really tired." Plaintiff testified that she dresses herself, does some cooking, and can load and unload a dishwasher, but she does not vacuum or sweep. Plaintiff said that even when she does the simple chores she has to rest often. She takes nitroglycerin daily, up to seven times on a bad day, to treat her angina. Tr. 402-04.

Plaintiff testified that she would lie down for about 30 minutes in the morning, get up and try to do something, take some nitroglycerin and then lie down again for 15 or 20 minutes. She would then get up and try to do something, and repeat the cycle. She takes about a 45-minute nap at noon. Tr. 406. Plaintiff said that she spends five or six hours lying down each day and did not think she could get by with less. Tr. 410.

The ALJ had asked the VE what it would do to available jobs if a person had to take breaks outside of the ordinary (two breaks per day, plus a lunch break) to lie down because of their medical condition related to pain and use of nitroglycerin. The VE testified that there would be no available jobs for that person. Tr. 417.

The ALJ, in discussing the evidence, made a general statement that Plaintiff has medically determinable impairments that could reasonably be expected to produce her alleged symptoms, but he found "not entirely credible" Plaintiff's statements about the intensity, persistence, and limiting effects of those symptoms. Tr. 20. After that general

statement, the ALJ went on to discuss in detail various aspects of the evidence. With respect to fatigue and rest, he wrote the following:

> The claimant testified to fatigue and having to rest periodically. The claimant may have difficulty with fatigue; however, it is known that employers generally provide morning and afternoon breaks of about fifteen minutes and a lunch hour spaced at two-hour intervals during an eight-hour work day. Thus it is concluded that the claimant's limitations can be accommodated by these periodic breaks.

Tr. 21.

An ALJ is not required to discuss every piece of evidence, but he must discuss the uncontroverted evidence he chooses not to rely upon so that the court can perform its role of reviewing the Commissioner's final decision for support by substantial evidence. See Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996). The court is unable to conduct a meaningful review where significant and probative evidence is rejected or overlooked without comment or explanation. Rasball v. Barnhart, 2003 WL 22939244 (D. Kan. 2003). See also Draper v. Barnhart, 425 F.3d 1127, 1130 (8th Cir. 2005)("While a 'deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case,' inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.")

Plaintiff has a serious history of coronary artery disease and related problems that could reasonably be expected to produce symptoms such as those claimed in her testimony. The ALJ's written decision includes a rather standard finding – included in almost every

agency decision appealed to this court – that statements about the extent of the symptoms are not entirely credible, but the decision does not *specifically* address whether the ALJ found credible Plaintiff's testimony about the extent of her fatigue and need for frequent rest breaks. The ALJ did specifically discuss that testimony, but he did not say that he found it unpersuasive for any particular reason. Rather, the decision at best implies that he believed that a morning and an afternoon break, together with a lunch hour, would suffice to accommodate Plaintiff's needs. If Plaintiff's testimony is accepted to any significant extent, however, there is no reasonable basis to determine that those breaks would suffice. Plaintiff testified that she takes nitroglycerin and requires rest breaks at least four or five times each day and as much as seven times in a day, in addition to her noon break. Her testimony on this point was not a mere stray remark. It was squarely presented, and it is at odds with the agency decision.

Perhaps there are interpretations of the evidence or specific reasons for an assessment of credibility on this issue that would support a finding against Plaintiff in this regard, but the decision as written does not address this significant line of evidence with sufficient specificity to allow the court to conduct a meaningful review and affirm the decision. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000). See also Cole v. Barnhart, 288 F.3d 149, 151 (5th Cir.2002) ("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so."). The court

would have to go outside its permitted role and make assumptions about a credibility analysis that may or may not be implied by the decision or may have been overlooked altogether.

The correct course is to reverse the agency decision and remand for additional proceedings. The agency will then have the opportunity to make clear the reasons for its findings with respect to ordinary breaks accommodating Plaintiff's needs. Both Plaintiff and the agency may further explore the extent of her mental limitation, which need not be reached in light of the above conclusion. Plaintiff may wish to supplement the agency record with the material she provided the court regarding what Dr. Staats meant by his indication that Plaintiff had "poor" ability to socially interact. The parties may also explore any other issues or relevant evidence. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). A judgment will be entered consistent with this ruling.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of September, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE